IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRACKSTER EMORY KEETON, § | | |
| TDCJ # 1868301, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-15-0592 |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

The petitioner, Brackster Emory Keeton (TDCJ # 1868301), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction that was entered against him in 2013. He has not paid the filing fee ($5.00); nor has he filed a motion for leave to proceed *in forma pauperis*. For reasons that follow, it appears that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the petitioner is ordered to show cause within **thirty days** why this case should not be dismissed. He is also ordered to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis*.

I.      **BACKGROUND**

According to the petition and available state court records, Keeton entered a plea of guilty and was sentenced by the court to 10 years for driving while intoxicated in state court cause number 1384278 in the 263rd District Court of Harris County, Texas, on July 8, 2013. *See* Harris County District Clerk Website, http://www.hcdistrictclerk.com. Keeton did not file an appeal. Keeton filed a state application for a writ of habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure on November 5, 2013. *Id.* The Texas Court of Criminal Appeals denied the writ application on March 5, 2014. *See* Court of Criminal Appeals Website, http://www.search.txcourts.gov.

Keeton filed the pending federal petition for a writ of habeas corpus on February 8, 2015.[1] In this petition, Keeton complains that he was denied effective assistance of counsel at trial [Doc. #1 at 6]. He also claims that his conviction is unsupported by any evidence. As discussed further below, the Court finds that his petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

---

[1]     Although the Clerk's Office recorded the petition as filed on March 5, 2015, Keeton executed the memorandum in support of the petition on February 8, 2015, indicating that he placed his pleadings in the prison mail system on that same day [Doc. # 1, p. 10]. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  According to 28 U.S.C. § 2244(d)(2), statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or

claim[.]" In other words, the time during which a properly filed application for "state post-conviction or other collateral review" is pending shall not count toward the limitation period found in § 2244(d)(1).

The one-year limitations period applies to the pending petition. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Keeton challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Because Keeton did not file a direct appeal after he was convicted on July 8, 2013, he had one year in which to seek federal habeas relief after the 30 day period for filing a notice of appeal had

elapsed. *See Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010). Therefore, he had until August 7, 2014, to file his § 2254 petition. Keeton tolled the habeas limitations period when he filed a state application for a writ of habeas corpus on November 5, 2013. 28 U.S.C. § 2244(d)(2). The tolling period ended 120 days later when the Court of Criminal Appeals denied it on March 5, 2014. *Id.* As a consequence of Keeton's state habeas application, the limitations period was extended to December 5, 2014.

Keeton's pending federal habeas corpus petition, filed on February 8, 2015, was filed 65 days after the limitations period had expired and is therefore time-barred unless Keeton can show that a statutory or equitable exception applies.

## III.   CONCLUSION AND ORDER TO SHOW CAUSE

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner must submit either the filing fee ($5.00) or an application for leave to proceed *in forma pauperis* within **thirty days** of the date of this order.

2. The petitioner must show cause in writing within **thirty days** of the date of this order why this case should not be dismissed as barred by the governing statute of limitations.

**The petitioner is admonished that his failure to comply as directed will result in the dismissal of this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____March 12_____, 2015.

_____
Nancy F. Atlas
United States District Judge